George D. KING;  Walter Elmer and Morris R. Nelson, Plaintiffs,

v.

**RALSTON PURINA COMPANY,** Defendant.

No. C–C–82–509–M.

United States District Court, W.D. North Carolina, Charlotte Division.

March 17, 1983.

Samuel M. Millette and Ernest S. DeLaney, III, Charlotte, N.C., for plaintiffs.

William L. Rikard, Jr., Charlotte, N.C., for defendant.

## ORDER

McMILLAN, District Judge.

This is an action against the Ralston Purina Company under the Age Discrimination in Employment Act of 1967, 81 Stat. 602, as amended, 29 U.S.C. § 621 *et seq.* (1976 ed. and Supp. IV) ("ADEA").

Plaintiff George King worked as a salesman for thirty-five years in the South Georgia territory of Purina's Chow Division. He claims that he was forced to retire at the age of 57 and was replaced by a man over thirty years his junior.

Plaintiff Walter Elmer was employed in 1960 by the Van Camp Seafood Company as a district manager in its offices in eastern Pennsylvania. A few years later, defendant acquired Van Camp and Elmer became a regional manager of the company's Van Camp Division. When the Van Camp Division was merged with Purina's Grocery Products Division in 1981, Elmer was demoted to assistant regional manager while a younger man was brought in as the regional manager.

Plaintiff Morris Nelson worked for twenty-seven years in defendant's Private Labels Division until he was demoted in March of 1982 at the age of fifty-two. During this period he worked in Missouri, Tennessee, and, most recently, in Atlanta, where his responsibilities extended over Georgia, Alabama, and Florida.

All three plaintiffs claim that defendant discriminated against them on account of advancing age, and that the discrimination against them was part of a *company-wide* "pattern and practice of arbitrary, illegal age discrimination [by defendant] against its employees within the . . . age bracket [protected by the ADEA]." They further allege that defendant's actions against them violate the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.,* and consti-

tute breach of implied covenants of good faith and fair dealing and wrongful discharge. Plaintiffs seek substantial compensatory and punitive damages.

On October 18, 1982, defendant filed (1) a motion to dismiss the pendent state counts for failure to state a claim upon which relief can be granted, and (2) a motion to dismiss for improper venue or, in the alternative, to transfer the action to another district. In connection with the second motion, defendant argued not that the action as presently constituted should be transferred to another district but that the claims of the three individual plaintiffs should be severed and transferred to the three different districts in which they arose. After a hearing was held on those motions, defendants filed an additional motion for severance under Fed.R.Civ.P. 20(b). In support of this motion, defendant contends (a) that joinder of the three plaintiffs' claims in a single action is improper under Rule 20(a) [in which case the motion should be treated as a motion under Rule 21, which governs misjoinder], or, in the alternative, (b) that even if the standards of Rule 20(a) are satisfied, to prevent delay and prejudice to defendant the court should sever the three plaintiffs' claims and transfer them to the three districts in which they arose.

■ Defendant's motion to dismiss the state law claims should be denied. Defendant asserts that under the applicable state law (according to defendant, Georgia law in the case of King and Nelson and Pennsylvania law in Elmer's case), an employment relationship entered into for an indefinite period may be terminated at will by either party. Even if the law is as defendant says it is, which the court does not now decide, it is impossible to determine from the record now before the court whether the plaintiffs were at-will employees. (Each plaintiff has alleged in the complaint that "the employment *contract* between plaintiff and defendant contained an implied covenant of good faith and fair dealing.") In light of the accepted rule in federal courts that a claim should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief, *Jenkins v. McKeithen,* 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969), the court will deny the motion.

■ Venue clearly lies in this district. Congress has provided that

A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

28 U.S.C. § 1391(c). Defendant does not dispute that it does a substantial quantity of business in this district. Its answers to plaintiffs' interrogatories reveal that its Charlotte operation generates in excess of $100 million in annual sales (Defendants' Answers to Plaintiffs' Second Set of Interrogatories, Doc. # 17). Under these circumstances, this district is proper venue for the action.

■ The remaining matters are somewhat more complicated as they present an issue of apparent first impression under the ADEA. The first of these questions is whether under the Federal Rules of Civil Procedure these three plaintiffs may join together in a single action.

Federal Rule of Civil Procedure 20(a) provides:

All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action . . . .

Under the Rules, the Supreme Court has said, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Consistent with this policy, the transaction and common ques-

tion requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy. *See generally* 7 C. Wright & A. Miller, *Federal Practice and Procedure* § 1653 (1972).

Although the three plaintiffs worked in different places and in different divisions of the company, each alleges that he was discriminated against as part of a pattern and practice of unlawful age discrimination conducted by defendant throughout its many regions and divisions. Plaintiffs contend that this alleged pattern and practice is the "series of transactions or occurrences" from which all their claims arise, and that each claim raises the common question whether such a pattern and practice has in fact occurred. Defendant, on the other hand, describes the allegation of company-wide policy of age discrimination as "sheer fantasy," and claims that even if the allegation were true, joinder would be inappropriate under the relevant case law. Defendant's Supplemental Memorandum, Doc. # 28 at 16.

The pattern and practice claim is far less fantastic than defendant says. Persons at corporate headquarters may well be shown to have formulated and implemented policies that affect employees throughout the entire Ralston Purina operation. Victims of age discrimination may well be employees in positions of considerable responsibility who have served their employer long and well; discrimination against them is rarely based on the sort of animus that sometimes motivates race discrimination and that may be localized within a large, national employer's operations. *See generally* Report of the Secretary of Labor, The Older American Worker: Age Discrimination in Employment (1965), *reprinted in* EEOC, Legislative History of the Age Discrimination in Employment Act 16–41 (1981). The court's decision on those questions should be based upon evidence, rather than upon factual speculation or allegations of "fantasy."

The three plaintiffs' claims are quite obviously "logically related." *Cf., Moore v. New York Cotton Exchange,* 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750 (1926)

(transaction or occurrence test for compulsory counterclaims is one of "logical relationship"). Common sense says that claims alleged to be part of a "pattern and practice" satisfy both the "transaction" and the "common question" requisites of Rule 20(a). In addition, the policy behind the rule will be served by joinder in this case. Each plaintiff is entitled to put on evidence of the alleged pattern and practice, *see, e.g., Donaldson v. Pillsbury Co.,* 554 F.2d 825 (8th Cir.1977), and each clearly intends to do so. If the claims were severed, the same evidence, including, perhaps, the testimony of all three plaintiffs, would have to be presented in three separate trials. It is far more convenient and economical for this evidence to be heard in one trial.

Nevertheless, says defendant, case law under Rule 20(a) establishes that an allegation of a company-wide policy of employment discrimination cannot support joinder. *See Martinez v. Safeway Stores, Inc.,* 66 F.R.D. 446 (N.D.Cal.1975); *Smith v. North American Rockwell Corp.,* 50 F.R.D. 515 (N.D.Okl.1970). In each of those cases, the district court concluded that claims by employees in different departments of a single company did not arise out of the same series of transactions or occurrences, even where a company-wide policy of discrimination was alleged. 66 F.R.D. at 448–49; 50 F.R.D. at 522–23. Other courts, however, have reached the opposite conclusion. *See, e.g., Mosley v. General Motors Corporation,* 497 F.2d 1330 (8th Cir.1974); *King v. Pepsi Cola Metropolitan Bottling Co.,* 86 F.R.D. 4 (E.D.Pa.1979). Both *Mosley* and *King* involved plaintiffs from different divisions or departments of a company; in both cases the court allowed joinder based on the plaintiffs' allegation of a company-wide policy of discrimination. (In *Mosley,* the Eighth Circuit expressly rejected the reasoning of the court in *Smith v. North American Rockwell Corp., supra.*)

This result is consistent with the Supreme Court's holding in *United States v. Mississippi,* 380 U.S. 128, 85 S.Ct. 808, 13 L.Ed.2d 717 (1965). In that case, six county voting registrars were joined as defendants along

with the State of Mississippi and three members of its Board of Election Commissioners in a suit brought by the Attorney General. The complaint charged that defendants had engaged and, unless restrained, would continue to engage in various acts and practices interfering with the right of black citizens of Mississippi to vote. Five of the registrars moved for severance and separate trials. Applying the second sentence of Rule 20(a) (which sets out the same test for joinder of defendants that the first sentence establishes for joinder of plaintiffs), the Court held that joinder of the registrars was proper because the complaint charged that the registrars' unlawful acts were part of a state-wide pattern and practice. 380 U.S. at 142–43.

The cases allowing joinder in circumstances similar to these represent the better-reasoned line of decisions. The fact that the discrimination alleged here is based on age rather than race, as in those cases, strengthens the conclusion that joinder under Rule 20(a) is appropriate.

Defendant does not argue that if the requirements of Rule 20(a) are met, the case should be transferred to another district. It does contend, however, that the court in that case should exercise its discretion to sever the claims and transfer them to different districts. *See Leesona Corp. v. Cotwool Manuf. Corp.,* 308 F.2d 895 (4th Cir.1962).

The defendant does not face any potential inconvenience or prejudice so grave as to require the requested action. Hearing the pattern and practice evidence in a single proceeding will be more convenient and economical for everyone involved. To require plaintiffs to present this evidence in separate trials in three different districts would put them and defendant to a great deal of unnecessary expense and might well limit plaintiffs' ability to put on this evidence at all. Some of defendant's potential witnesses reside in the several districts in which defendant seeks to try these claims, but the record reflects that all but one of the witnesses thus far identified are employees of Ralston Purina. Defendant

should not have any problem securing the testimony of its own employees in this district. Wherever these claims are heard, a number of defendant's key witnesses will have to travel considerable distances to get to trial. The additional burden to Ralston Purina of bringing a few of its employees from Georgia and Pennsylvania to Charlotte does not offset the substantial advantage of hearing these claims together.

THEREFORE, upon consideration of the entire record and the arguments of counsel, and in accordance with the foregoing, the court HEREBY ORDERS that all of defendant's motions are DENIED.