**CARBON FUEL COMPANY, Plaintiff,**

v.

**USX CORPORATION, et al., Defendants, Third–Party Plaintiffs, and Counterclaimants,**

v.

**CARBON FUEL COMPANY, et al., Third–Party Defendants and Counterdefendants.**

Civ. A. No. 2:93–1073.

United States District Court, . S.D. West Virginia, Charleston Division.

Nov. 4, 1994.

---

James K. Brown, Jackson & Kelly, Charleston, WV, Larry L. Roller, Chesapeake, WV, for Carbon Fuel Co.

Charles L. Woody, Paula L. Durst, Spilman, Thomas & Battle, Charleston, WV, J. Michael Jarboe, Jared H. Meyer, USX Corp., Law Dept., Pittsburgh, PA, for USX and U.S. Steel Min. Co., Inc.

Robert B. King, Stephen B. Farmer, King, Allen & Arnold, Charleston, WV, Anthony J. Polito, Polito & Smock, Pittsburgh, PA, for Consolidation Coal.

E. Forrest Jones, Jr., Albertson & Jones, Charleston, WV, Gregory B. Robertson, Matthew J. Calvert, Hunton & Williams, Richmond, VA, for Arch Minerals, Arch Minerals of Ky., and Old Ben Coal Co.

## *MEMORANDUM OPINION AND ORDER*

HADEN, Chief Judge.

Pending is the joint motion to dismiss filed by Third–Party Defendants Arch Mineral Corp., Old Ben Coal Co., and Consolidation Coal Co. The Third–Party Defendants argue the Court does not have jurisdiction over the counterclaim and the joinder of them was improper. Also pending is Plaintiff's motion to sever pursuant to Rule 21, Federal Rules of Civil Procedure. For reasons that follow, the motions are **DENIED.**

### I

Carbon Fuel Company initiated this action seeking a declaratory judgment against the Defendants, USX Corp and U.S. Steel Mining Co., Inc., a wholly owned subsidiary of USX ("USX Defendants"). Carbon contends the USX Defendants are contractually bound to honor certain obligations of Carbon under the Coal Industry Retirees Health Benefits Act, 26 U.S.C. § 9701, *et seq.* ("Coal Act"). Carbon contends the USX Defendants entered into a settlement agreement with it in 1982 whereby the USX Defendants agreed to assume Carbon's obligations under an earlier, multiemployer National Bituminous Coal Wage Agreement ("NBCWA") between the

Bituminous Coal Operators Association, Inc. ("BCOA") and the United Mine Workers of America ("UMWA"). The NBCWA included provisions for the payment of health benefits for union miners from certain funds into which the NBCWA signatories paid. The NBCWA benefit funds were later incorporated within the Combined Benefit Fund created under the Coal Act.[1] 26 U.S.C. § 9702(a)(2). Carbon contends the USX Defendants are liable for its payment obligations to the Combined Benefit Fund through their 1982 settlement agreement.

The USX Defendants counterclaimed for declaratory judgment against Carbon and the three Third–Party Defendants. The USX Defendants contend Arch, Old Ben, and Consolidated, the Third–Party Defendants, were parties to separate and unrelated settlement agreements with them, whereby the Third–Party Defendants agreed to assume certain obligations of the USX Defendants under the applicable NBCWAs. As noted above, the NBCWA health benefit funds were incorporated within the Combined Benefit Fund under the Coal Act. *Id.* The USX Defendants seek a declaratory judgment with respect to the application and impact of the 1992 Coal Act on the contractual obligations undertaken in accordance with the successorship provisions of the NBCWA. The USX Defendants contend they are entitled to declaratory judgment against Arch, Old Ben, and Consolidated, the Third–Party Defendants, if Carbon is entitled to declaratory judgment against them for its obligations to the Combined Benefit Fund.

The Third–Party Defendants moved to dismiss the USX Defendants' counterclaims for lack of jurisdiction and improper joinder. Carbon separately moved to sever its claim against the USX Defendants from the USX Defendants' counterclaim against the Third–Party Defendants.

### II

■ Issues of subject matter jurisdiction and joinder should be reviewed. Because

---

1. For a more richly detailed discussion of the history and development of the NBCWA benefit funds and the Coal Act *see Barrick Gold Explora-* *tion, Inc. v. Hudson,* 823 F.Supp. 1395 (S.D.Ohio 1993).

claims joined under the permissive joinder allowable by Rule 13(b), Federal Rules of Civil Procedure, must have an independent basis for jurisdiction, this Court's subject matter jurisdiction shall be discussed first. *Sue & Sam Mfg. Co. v. B–L–S Const. Co.*, 538 F.2d 1048, 1051 (4th Cir.1976). *See Painter v. Harvey*, 863 F.2d 329 (4th Cir. 1988).

## A

The Third–Party Defendants contend this Court does not have subject matter jurisdiction over the counterclaim. Because the Third–Party Defendants and the USX Defendants are all Delaware corporations, the Third–Party Defendants argue diversity is not complete among the parties. 28 U.S.C. § 1332(c)(1). That issue can be ignored. This Court has subject matter jurisdiction over the USX Defendants' counterclaim through federal question jurisdiction. 28 U.S.C. § 1331.

The counterclaim ultimately concerns whether the USX Defendants or the Third–Party Defendants are liable for payment of retired miners' health care premiums to the Combined Benefit Fund through separate agreements required by the successorship provisions of the NBCWA. The Coal Act does not appear to create a federal cause of action for disputes concerning the payment of premiums to the Combined Fund. In its section on the assignment of eligible beneficiaries the Coal Act explicitly states "[n]othing in this section shall preclude the right of any person to bring a separate civil action against another person for responsibility for assigned premiums, notwithstanding any prior decision by the Secretary." 29 U.S.C. § 9706(f)(6). However, the Coal Act also provides "[t]he Combined Fund shall be—(A) a plan described in section 302(c)(5) of the Labor Management Relations Act, 1947 (29 U.S.C. 186(c)(5)), (B) an employee welfare benefit plan within the meaning of section 3(1) of the Employee Retirement Income Security Act of 1974 (29 U.S.C. 1002(1))." 26 U.S.C. § 9702(a)(3)(A) & (B).

■ The Labor Management Relations Act of 1947 ("LMRA") applies to the counterclaim since it calls for an interpretation of the Coal Act and the successorship provisions of the NBCWA. The NBCWA, an agreement between a union and multiple employers, provided the basic requirements for successorship in the separate settlement agreements approved between the USX Defendants and the Third–Party Defendants. As such, applying the provisions of the Coal Act to the settlement agreements requires an interpretation of the requirements of the NBCWA.

Section 301 of the LMRA provides "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). Under § 301, "an application of state law is pre-empted ... only if such application requires the interpretation of a collective-bargaining agreement." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413, 108 S.Ct. 1877, 1885, 100 L.Ed.2d 410 (1988). *See Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir.1994) (Section 301 provides federal court jurisdiction over contract disputes); *McCormick v. AT & T Technologies, Inc.*, 934 F.2d 531, 535 (4th Cir.1991) (en banc) (The question in preemption analysis is whether resolution of the cause of action requires interpretation of a collective bargaining agreement.), *cert. denied,* —— U.S. ——, 112 S.Ct. 912, 116 L.Ed.2d 813 (1992); *Shiveley v. Tri–State Greyhound Park*, 724 F.Supp. 421 (S.D.W.Va.1989) (Haden, C.J.). Accordingly, this Court has jurisdiction because this case involves the interpretation of a collective bargaining agreement.

■ Additionally, the Employee Retirement Income Security Act of 1974 ("ERISA") provides "[e]xcept as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described

in section 1003(a) of this title and not exempt under section 1003(b) of this title." 29 U.S.C. § 1144(a). "The term 'employee benefit plan' or 'plan' means an employee welfare benefit plan or an employee pension benefit plan or a plan which is both an employee welfare benefit plan and an employee pension benefit plan." 29 U.S.C. § 1002(3).

A broad preemption from the effects of state law is granted to ERISA plans through § 1144(a). "Congress used the words 'relate to' in § 514(a) [§ 1144(a)] in their broad sense." *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 98, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Id.* at 96–97, 103 S.Ct. at 2900 (footnote omitted). By the preemption of state laws that relate to their operation, ERISA plans are therefore established as an "area of exclusive federal concern." *Alessi v. Raybestos–Manhattan, Inc.,* 451 U.S. 504, 525, 101 S.Ct. 1895, 1907, 68 L.Ed.2d 402 (1981).[2]

Since the Combined Fund is established as an ERISA plan, it qualifies for the protection from interfering state laws provided to all ERISA plans. Additionally, since the counterclaim requires an interpretation of the NBCWA, a collectively-bargained labor contract, the jurisdiction of the federal courts is imposed through the LMRA. The federal courts then are the prime forum for redress of grievances relating to the operation of the Combined Benefit Fund and this, too, demonstrates subject matter jurisdiction over the counterclaim.

### B

The Third–Party Defendants also contend they were improperly joined. This Court concludes the Third–Party Defendants were joined properly under Rule 13 and Rule 20, Federal Rules of Civil Procedure, which allow permissive joinder of parties.

Generally, "[a] pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed.R.Civ.P. 13(b). Persons other than the parties to the original action may be made parties to the counterclaim. Fed.R.Civ.P. 13(h). "All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a).

"Under [Rule 20(a)] joinder of parties-defendant is governed by the concepts of 'same transaction' and 'common questions of law or fact.'" *Rumbaugh v. Winifrede Railroad Co.,* 331 F.2d 530, 537 (4th Cir.1964) (footnote omitted), *cert. denied,* 379 U.S. 929, 85 S.Ct. 322, 13 L.Ed.2d 341 (1964). "The 'transaction or occurrence' test of [Rule 20] 'would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.' ... Further, the rule should be construed in light of its purpose, which 'is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.'" *Saval v. BL Ltd.,* 710 F.2d 1027, 1031 (4th Cir.1983) (per curiam) (quoting *Mosley v. General Motors Corp.,* 497 F.2d 1330, 1332–33 (8th Cir.1974)).

In defining the word transaction in a similar context the Supreme Court has stated it "is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon

---

2. However, as this Court recently stated in *Fox v. General Motors Corp.,* 863 F.Supp. 302, 303–04 (S.D.W.Va.1994) (footnote omitted),
the Supreme Court has noted also that '[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan.' *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 100, n. 21 [103 S.Ct. 2890, 2901, n. 21, 77 L.Ed.2d 490] (1983). Additionally, '[i]f a State creates no prospect for conflict with a federal statute, there is no warrant for disabling it from attempting to address uniquely local social and economic problems.' *Fort Halifax Packing Co., Inc. v. Coyne,* 482 U.S. 1, 19 [107 S.Ct. 2211, 2221, 96 L.Ed.2d 1] (1987) (footnote omitted).

their logical relationship." *Moore v. New York Cotton Exchange*, 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750 (1926) (evaluating equity rule 30). In the context of permissive joinder, the transaction involved in the counterclaim is not required to be the same transaction on which the original claim was based. The facts between the claim and the counterclaim need not be precisely identical. *Sue & Sam Mfg. Co. v. B–L–S Const. Co.*, 538 F.2d 1048, 1051 (4th Cir.1976). In the instant counterclaim, the enactment of the Coal Act and its effect on the USX Defendants' existing contractual obligations forms the series of logically related transactions on which the counterclaim is based.

Common issues of law are involved in the counterclaim. Each separate settlement agreement will require the interpretation of the NBCWA. To interpret the provisions of the NBCWA properly will require also an interpretation of the Coal Act to determine its effects upon signatory companies' obligations.

Based on the common issues of law and the series of transactions from which the counterclaim arose, the exercise of permissive joinder over the Third–Party Defendants is proper.

### III

Carbon has moved to sever based on Rule 21, Federal Rules of Civil Procedure, arguing the joinder of its declaratory judgment action with the USX Defendants' against the Third–Party Defendants is improper.

A court has broad discretion in ruling on a requested severance under Rule 21. *Jonas v. Conrath*, 149 F.R.D. 520, 523 (S.D.W.Va.1993) (Haden, C.J.). This Court has stated

> [w]hile *Rule* 21 is silent on the standard applicable for determining misjoinder, courts have uniformly held that parties are misjoined when they fail to satisfy either of the preconditions for permissive joinder set forth in Rule 20(a).... Thus, misjoinder is present, and severance appropriate, when the claims asserted by or against the joined parties do not arise out of the same

transaction or occurrence or do not present some common questions of law or fact. *Id.* (emphasis in original) (internal quotations omitted).

As discussed above, the Third–Party Defendants have been properly joined in this action. The claims asserted arise out of the same series of transactions and common questions of law exist as to each claim. "Denying the motion to sever will serve judicial economy and promote the just, speedy and inexpensive determination of this action." *Id.* at 523–24 (footnote omitted). Given the expediency of trying the Plaintiff's claim for declaratory action along with the Counterclaim for declaratory action, this Court denies the Plaintiff's motion to sever.

### IV

This Court has subject matter jurisdiction over the counterclaim. The Third–Party Defendants were properly joined under the permissive joinder provided in Rule 13 and Rule 20, Federal Rules of Civil Procedure. Therefore, this Court **DENIES** the Third–Party Defendants' motion to dismiss and **DENIES** the Plaintiff's motion to sever.