WINNER'S CIRCLE OF LAS VEGAS, INC., A Nevada Corporation, Plaintiff,

v.

AMI FRANCHISING, INC., a Texas Corporation, L & H Development, Inc., a Nevada Corporation, Does I through XX, and Roe Corporations, I Through XX, Inclusive, Defendants.

No. CV–S–95–1191–PMP (RLH).

United States District Court, D. Nevada.

Feb. 15, 1996.

Erven T. Nelson, Victoria L. Nelson, Daniel D. Heaton, Alverson, Taylor, Mortensen, Nelson & Sanders, Las Vegas, NV, for plaintiff.

Lance P. Maiss, Beckley, Singleton, Jemison & List, Reno, NV, for AMI Franchising.

Dean Y. Kajioka, Kajioka & Christiansen, Las Vegas, NV, for defendants.

---

## ORDER

PRO, District Judge.

There are several motions pending before the Court. Plaintiff Winner's Circle of Las Vegas, Inc. ("Winner's") filed its Motion to Remand; Motion to Strike Defendant AMI's Motion to Dismiss or in the Alternative, to Change Venue (# 4A) on December 22, 1995. Defendant AMI Franchising, Inc. ("AMI") filed its Opposition to Motion to Remand and Motion to Strike (# 8) on January 4, 1996. Winner's filed its Reply (# 14) on January 16, 1996.

Also before the Court is Defendant AMI's Motion to Dismiss or in the Alternative, to Change Venue (# 2), filed December 11, 1995. Winner's filed its Opposition (# 4A) on December 22, 1995. AMI filed a Reply (# 10) on January 5, 1996.

Also before the Court is Defendant L & H Development, Inc.'s ("L & H") Motion to Dismiss (# 13), filed January 12, 1996. Winner's filed its Opposition (# 18) on January 29, 1996. L & H filed its Reply (# 20) on February 8, 1996.

## I. Background

Defendant AMI Franchising, Inc. ("AMI") is a Texas corporation with its principal place of business in Texas. AMI licenses the service mark "Alta Mere" in conjunction with its retail concept known as "Alta Mere Window Tinting and Auto Alarms" stores. On May 22, 1995, AMI and Plaintiff Winner's Circle of Las Vegas, Inc. ("Winner's"), a Nevada corporation with its principal place of business in Nevada, entered into an AMI Franchising, Inc. Franchise Agreement ("Franchise Agreement") in which AMI agreed to provide training and support relating to the opening of a franchise. In August 1995, a dispute arose between the parties whereby each party claimed that the other breached the Franchise Agreement.

On November 8, 1995, Plaintiff Winner's filed its Complaint in Nevada state court against Defendant AMI alleging various causes of action including breach of the Agreement and fraud. That Complaint listed fictitious Defendants in addition to AMI.

On December 7, 1995, AMI filed its Notice of Removal (# 1) on the basis of the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1332.

On December 15, 1995, before AMI filed an answer, Winner's filed its First Amended Complaint (# 3), adding a Defendant, L & H Development ("L & H"), a Nevada corporation. Winner's then filed its Motion to Remand on December 22, 1995.

## II. Motion to Remand

AMI properly removed this case as at the time of the removal the lawsuit was between citizens of different states, the amount in controversy exceeded the jurisdictional requirement, and AMI, as the Defendant, was not a citizen of the State of Nevada. 28 U.S.C. § 1332; 28 U.S.C. § 1441. It is undisputed, however, that the presence of L & H as a named Defendant in this lawsuit would divest the Court of jurisdiction over this matter. *Yniques v. Cabral*, 985 F.2d 1031, 1034 n. 1 (9th Cir.1993); *see* 28 U.S.C. § 1332. However, the parties disagree as to the way the Court should cure this defect; Winner's requests the Court remand this

action, and AMI requests the Court (1) "deny" joinder and allow the action to continue, or (2) dismiss the claims against L & H.

■ Under Rule 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." However, although Winner's may have thought its amendment proper since it was filed "as of right," Rule 15(a) cannot be used to deprive the Court of jurisdiction over a removed action.[1] 6 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice & Procedure: Civil § 1477 (2d ed. 1990); *see also Lyster v. First Nationwide Bank Financial Corp.*, 829 F.Supp. 1163, 1165 (N.D.Cal.1993).

■ Both parties assert that 28 U.S.C. § 1447(e) applies to the Court's analysis in its disposal of the pending motion. That section states as follows:

If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C. § 1447(e). In this statute Congress has chosen to provide several remedies when a Plaintiff requests leave to amend his complaint to add additional parties whose presence would destroy diversity.

There are several unreported district court cases that apply § 1447(e) as a standard for discretionary review after the party amends the complaint to join a party before the defendant serves a responsive pleading when a plaintiff's motion to remand is pending. *See Lehigh Mechanical, Inc. v. Bell Atlantic Tricon Leasing Corp.*, 1993 WL 298439 (E.D.Pa.1993); *Musick v. John Hancock Distributors, Inc.*, 1994 U.S.Dist. LEXIS 10262 (W.D.Mich.1994). In disposing of the motion to remand, the courts in both cases

determined that joinder would have been proper under § 1447 and therefore that remand should be allowed. *See Lehigh Mechanical, Inc. v. Bell Atlantic Tricon Leasing Corp.*, 1993 WL 298439; *Musick v. John Hancock Distributors, Inc.*, 1994 U.S.Dist. LEXIS 10262 (W.D.Mich.1994). The Court finds these cases persuasive in disposing of the present motion to remand and will use § 1447(e) as a standard for the review of the attempted joinder in disposing of Winner's Motion to Remand (# 4A). This is necessary to avoid a party's manipulation of the lawsuit in order to divest the Court of subject matter jurisdiction. *See, e.g., Jacks v. Torrington Co.*, 256 F.Supp. 282, 287 (D.S.C.1966) ("the continued jurisdiction of a federal court after proper removal will not be allowed to be determined at the whim and caprice of the plaintiff").

The Ninth Circuit has looked to the language of § 1447(e) and reasoned that the language indicates that Congress, when it enacted the section in 1989, intended district courts to have a choice between the options enumerated in § 1447(e) and the options already existing under Fed.R.Civ.P. 19. *Yniques*, 985 F.2d at 1035 (citing *Sweeney v. Westvaco Co.*, 926 F.2d 29, 42 (1st Cir.1991), *cert. denied*, 502 U.S. 899, 112 S.Ct. 274, 116 L.Ed.2d 226 (1991)). As the Ninth Circuit explains:

Section 1447(e) and Rule 19 *in combination* expand the district court's options for dealing with an attempt to join a necessary, non-diverse party where the case has been removed to federal court. The court may: (1) deem the party "indispensable" and dismiss the case; (2) deem the party *not* indispensable and continue its jurisdiction over the lawsuit without joinder; or (3) allow joinder and remand the case to state court.

---

1. Moreover, there is a split of authority as to whether an amendment naming a new defendant may only be filed with leave of Court before an answer is filed despite the first sentence of Rule 15(a). *See, e.g., McLellan v. Mississippi Power & Light Co.*, 526 F.2d 870, 872–73 (5th Cir.1976) (Rule 15(a) allows amendment of pleading to add a party as a matter of course before responsive pleading is filed), modified on other grounds, 545 F.2d 919 (5th Cir.1977); *United States ex rel Precision Co., v. Koch Indus., Inc.*, 31 F.3d 1015,

1018 (10th Cir.1994) (same); *but see LaBatt v. Twomey*, 513 F.2d 641, 651 n. 9 (7th Cir.1975) (party must obtain order of court before amending a complaint to add a party, even before a responsive pleading is filed); *Springer–Penguin, Inc. v. Jugoexport*, 648 F.Supp. 468, 470 (D.N.Y. 1986) (same). The Ninth Circuit has not ruled on the issue. However, because the Court will use the discretionary review standard of 28 U.S.C. § 1447(e), the Court need not decide this issue now.

*Id.* (emphasis in original). The Ninth Circuit then went on to hold that section 1447(e) "allows a district court, once it has permitted the joinder of a non-diverse party, only to remand the case to state court." *Id.* at 1036.

In considering whether to allow joinder under § 1447(e), the Court should consider the following factors:

(1) the extent to which the joinder of a nondiverse party is sought merely to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; (4) any other factors bearing on the equities.

*Tillman v. CSX Transportation, Inc.,* 929 F.2d 1023, 1029 (5th Cir.1991), *cert. denied,* 502 U.S. 859, 112 S.Ct. 176, 116 L.Ed.2d 139 (1991); *see also Desert Empire Bank v. Ins. Co. of North America,* 623 F.2d 1371, 1375–76 (9th Cir.1980) (setting forth similar factors the Court should consider in deciding whether to permit joinder, and noting that the plaintiff's motive in joining nondiverse defendants is important when evaluating removal cases).

### A. Purpose or Motive

■ Winner's original Complaint alleged various claims for relief including a claim for relief for fraud, and a claim for relief for breach of contract (the Franchise Agreement). Winner's alleged the following in its original Complaint:

27. Upon the further advice of AMI, Winner's processed VISA and Master Card receipts totalling approximately Three Thousand Dollars ($3000.00) through the Sahara outlet. To date, the Sahara outlet has retained and refused to turn over the Three Thousand Dollars ($3000.00), despite repeated requests and demands.

28. Upon information and belief, and thereon alleged, the Sahara outlet is owned and operated by AMI.

Complaint (# 1). Winner's does not mention this transaction in its claim for relief based on fraud. *See* Complaint (# 1), ¶¶ 54–61.

In its Amended Complaint (# 3), Winner's alleges the following in its general allegations:

28. Upon the further advice of AMI, Winner's processed VISA and Master Card receipts totalling approximately Three Thousand Dollars ($3000.00) through the Sahara outlet, which is owned by Defendant L & H Development, Inc. To date, the Sahara outlet has retained and refused to turn over the Three Thousand Dollars ($3000.00), despite repeated requests and demands.

Amended Complaint (# 3). Winner's then states a claim for relief for fraud/conversion ("Fourth Claim for Relief"), and further alleges the following:

55. AMI and certain unknown Does entered into the Agreement with Winner's, assuring Winner's that Defendants would perform their duties as set forth in the Agreement. Furthermore, at AMI's direction, L & H and certain unknown Does obtained possession of $3,000.00 in credit card slips from Winners, assuring Winner's that the slips would be processed and the money turned over to Winners.

56. The assurances made by Defendants were, in fact, false. In truth, AMI and certain unknown Does intended from the outset to fail to perform their duties under the Agreement so as to cause Winner's franchise to fail, whereupon Defendants would take over the operations of the franchise, which had been established at Winner's expense. Moreover, AMI, L & H, and certain unknown Does intended from the outset to retain the $3,000.00 in credit slips without turning over $3,000.00 cash to Winners.

Amended Complaint (# 3). Thus, Winner's added a claim for fraud and conversion in the amount of $3,000.00, and named both AMI and L & H, alleging that L & H obtained the credit slips at the direction of AMI.

AMI asserts that Winners' motivation in adding L & H as a party is less than exemplary in light of the "minimal claim" alleged against L & H. Specifically, AMI asserts that Winners' fraud/conversion claim against L & H is unrelated to the parties' conduct with respect to and performance under the Franchise Agreement, the subject of the lawsuit.

Indeed, the claim against L & H relates only to the alleged conversion of $3,000.00. L & H was not a party to the Franchise Agreement at issue in this action, and there are no further claims against L & H relating to the fraud alleged in conjunction with AMI's performance under the Franchise Agreement.

However, the facts which underlie the claim for fraud/conversion were pled in the original Complaint. To the extent that Winner's added a new claim based on these facts, that amendment was proper under Rule 15(a).

■■■ Furthermore, to the extent that AMI asserts that Winner's claim against L & H is too small for the amount in controversy requirement of the district courts and further evidences Winner's motive to add L & H solely to defeat federal jurisdiction, the Court finds this assertion meritless. It is true that unrelated claims against multiple defendants may not be aggregated to reach the amount in controversy requirement. *Libby, McNeill & Libby v. City Nat. Bank*, 592 F.2d 504, 510 (9th Cir.1978) (court does not have jurisdiction over unrelated claims against separate defendants). However, as the Ninth Circuit has stated:

> [T]he tests for aggregating claims of one plaintiff against claims of multiple defendants and of multiple plaintiffs against one defendant are essentially the same: the plaintiff's claims against the defendants must be common and undivided so that the defendants' liability is joint and not several.

*Libby, McNeill & Libby*, 592 F.2d at 510 (quoting *United States v. So. Pac. Transp. Co.*, 543 F.2d 676, 683 n. 9 (9th Cir.1976)) (internal quotations omitted). Winner's alleges a fraud/conversion claim against both AMI and L & H, acting in concert, so that Winner's claim against AMI and L & H is common and undivided.

Finally, Winner's represents that it only added L & H as a Defendant when it deter-

mined that L & H, and not AMI, actually owned the Sahara outlet. AMI does not counter this assertion, and clearly does not meet its heavy burden in establishing that Winner's fraudulently joined L & H. *See Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir. 1994); *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990), *cert. denied*, 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991). The Court therefore finds that this factor weighs in favor of Winner's.

## B. Other factors

AMI does not assert that Winner's was dilatory in filing the Amended Complaint. Indeed, Winner's filed its Amended Complaint less than six weeks after it filed its original Complaint, and before Defendant AMI answered the Complaint. The Court finds that consideration of this factor weighs in favor of Winner's.

Furthermore, Winner's asserts that it will pursue its claims against L & H should that party be dismissed from the lawsuit. This would result in an inconvenience to Winner's by litigating its claims against L & H in a separate forum. The only prejudice AMI would suffer if the joinder of L & H is approved by the Court is the remand of the case to state court, away from AMI's preferred forum. The Court finds that this factor weighs in favor of Winner's.

Moreover, even were the Court to analyze this problem under Fed.R.Civ.P. 21, the result would be the same. Rule 21 permits a change in the parties due to misjoinder "at any stage in the action."[2] Fed.R.Civ.P. 21. Rule 21 applies in actions removed to the federal court. *See* Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure, Civil § 1682 (2d ed. 1986 and 1995 Supp.).

■■■ Parties are misjoined when they fail to satisfy either of the preconditions for permissive joinder of parties set forth in Rule 20(a). *See Michaels Bldg. Co. v. Amer-*

---

2. Rule 21 states as follows:
   Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.
   Fed.R.Civ.P. 21.

itrust Co., 848 F.2d 674, 682 (6th Cir.1988); *Jonas v. Conrath*, 149 F.R.D. 520, 523 (S.D.W.Va.1993). In other words, Rule 21 applies when either (1) the claims asserted by or against the joined parties do not arise out of the same transaction or occurrence or (2) do not present some common question of law or fact. *Michaels Bldg. Co.*, 848 F.2d at 682; *Jonas*, 149 F.R.D. at 523. Because the fraud/conversion claim asserted against AMI and L & H arise out of the same transaction or occurrence and present common questions of law or fact, the parties were not misjoined.

The Ninth Circuit has determined that once the Court has permitted the joinder of a non-diverse party, § 1447(e) permits the Court only to remand the case to state court. *Yniques*, 985 F.2d at 1036. Accordingly, as the Court has determined that joinder was proper in this instance, pursuant to § 1447(e) the Court will remand the case to state court.

IT IS THEREFORE ORDERED THAT Plaintiff Winner's Circle of Las Vegas, Inc.'s Motion to Remand; Motion to Strike Defendant AMI's Motion to Dismiss or in the Alternative, to Change Venue (# 4A) is GRANTED to the extent that it requests remand and DENIED in all other respects;

IT IS FURTHER ORDERED THAT Defendant AMI Franchising, Inc.'s Motion to Dismiss or in the Alternative, to Change Venue (# 2) is DENIED as moot;

IT IS FURTHER ORDERED THAT Defendant L & H Development, Inc.'s Motion to Dismiss (# 13) is DENIED as moot;

IT IS FURTHER ORDERED THAT this matter is remanded to the Eighth Judicial District Court for Clark County, State of Nevada, and that the Clerk shall forthwith mail a certified copy of this Order to the Clerk of the District Court of Clark County, State of Nevada.