No. 14-1168    -    *State of West Virginia ex rel. Energy Corporation of America and John D. Sollon v. The Honorable John Lewis Marks, Judge of the Circuit Court of Harrison County; Erin E. Gilmore; Erika L. Gilmore; and Ron R. Gilmore*

**FILED**

**June 8, 2015**

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

Davis, Justice, dissenting:

In deciding the case *sub judice*, the majority of the Court completely ignores the law governing permissive joinder. Because I cannot agree with the Court's ruling, I respectfully dissent.

### *Civil Procedure Rules Provide Definitive Guidelines, Not Optional Suggestions*

My point of contention with the majority's decision in this case is its blatant failure to follow the law governing permissive joinder in this State. Rule 20(a) provides the procedure to be used to determine when joinder of parties should be permitted in a given case. West Virginia Rule of Civil Procedure 20(a) provides, in relevant part:

> [a]ll persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. . . .

The purpose of the West Virginia Rules of Civil Procedure is simply stated as follows:

> These rules govern the procedure in all trial courts of record in all actions, suits, or other judicial proceedings of a

1

> civil nature whether cognizable as cases at law or in equity, with the qualifications and exceptions stated in Rule 81.[1] *They shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.*

W. Va. R. Civ. P. 1 (footnote and emphasis added). This Court previously has recognized the mandatory connotation of the word "shall." *See* Syl. pt. 1, *E.H. v. Matin*, 201 W. Va. 463, 498 S.E.2d 35 (1997) ("'It is well established that the word "shall," in the absence of language in the statute showing a contrary intent on the part of the Legislature, should be afforded a mandatory connotation.' Syllabus Point 1, *Nelson v. West Virginia Public Employees Insurance Board*, 171 W. Va. 445, 300 S.E.2d 86 (1982)."). As such, the West Virginia Rules of Civil Procedure provide mandatory guidelines for the management of cases, not optional suggestions to be followed on a court's whim.

Contrary to the result obtained by the majority herein, I would deny the requested writ of prohibition and find that joinder of the plaintiffs' claims against the tortfeasor driver and the plaintiffs' own insurance company was proper in this case. As noted above, permissive joinder of defendants is proper under Rule 20(a) where the plaintiff's right to relief against the joined defendants "arise[s] out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all

---

[1]The types of proceedings addressed by Rule 81 of the West Virginia Rules of Civil Procedure are not at issue in the case *sub judice*.

defendants will arise in the action." In this case, the plaintiffs' claims against all of the defendants arose from the same occurrence, *i.e.*, the underlying motor vehicle accident, and a fact common to all defendants also is present herein, *i.e.*, the amount of damages sustained by the plaintiffs as a result of the subject accident. While upholding joinder in this case appears to be inconsistent with the circuit court's prior order dismissing the plaintiffs' suit against the tortfeasor driver and his employer for lack of venue, Rule 20(a) does not require proper venue to permit permissive joinder. Therefore, because the transaction and commonality requirements of Rule 20(a) are both satisfied, joinder was proper in this case, and the requested writ of prohibition should have been denied. *Accord Jonas v. Conrath*, 149 F.R.D. 520 (S.D. W. Va. 1993) (permitting plaintiff to join claims against plaintiff's doctor and plaintiff's own insurance company).

Though joinder may be permitted, the defendants raise a valid concern that inclusion of claims against an insurance company could prejudice the non-insurer defendants. However, in addition to defining the parameters of permissive joinder, the Rules, themselves, also provide remedial language to address these concerns. In this regard, Rule 20(b) contemplates bifurcation of claims brought against different defendants to avoid such prejudice. *See* W. Va. R. Civ. P. 20(b) ("The court may make such orders as will prevent a party from being embarrassed, delayed, or put to expense by the inclusion of a party against

3

whom the party asserts no claim and who asserts no claim against the party, and may order separate trials or make other orders to prevent delay or prejudice."). Thus, while the defendants may not be entitled to have the claims against them severed so as to defeat permissive joinder, they may argue, below, that the claims against the different defendants should be bifurcated to avoid the prejudice they assert in support of their request for severance. In fact, this Court has found that, when a plaintiff joins, in a single suit, bad faith claims against an insurer and injury claims against a tortfeasor, bifurcation is an appropriate remedy to foreclose any prejudice that might result from the improper insertion of insurance coverage into the proceedings. *See* Syl. pt. 2, *State ex rel. State Farm Fire & Cas. Co. v. Madden*, 192 W. Va. 155, 451 S.E.2d 721 (1994) ("Under rule 18(b), WVRCP [1978], as long as the claims against the insurer are bifurcated from those against the insured, and any discovery or proceedings against the insurer are stayed pending resolution of the underlying claim between the plaintiff and the insured, there is no undue prejudicial impact on a jury of joining in an original pleading or amending a pleading to assert bad faith or unfair insurance practices counts against an insurer in an original action against insured."). *But see* Syl. pt. 2, *Light v. Allstate Ins. Co.*, 203 W. Va. 27, 506 S.E.2d 64 (1998) ("In a first-party bad faith action against an insurer, bifurcation and stay of the bad faith claim from the underlying action are not mandatory. Under Rule 42(c) of the West Virginia Rules of Civil Procedure, a trial court, in furtherance of convenience, economy, or to avoid prejudice, may bifurcate

4

and stay a first-party bad faith cause of action against an insurer.").  As such, bifurcation, not severance, is the appropriate remedy to allay the defendants' concerns.

For the foregoing reasons, I respectfully dissent.