**Reubin Vernon KEITH, Plaintiff,**

v.

**CLARKE AMERICAN CHECKS, INC., Defendant.**

**No. 3:03CV65–H.**

United States District Court, W.D. North Carolina, Charlotte Division.

May 2, 2003.

Pamela A. Hunter, Charlotte, NC, for plaintiff.

Charles E. Johnson, Julian Hugh Wright, Jr., David C. Wright, Robinson, Bradshaw & Hinson, P.A., Charlotte, NC, James H. Kizziar, Jr., Laura M. Merritt, Bracewell & Patterson, L.L.P., Austin, TX,

James A. Kizziar, Bracewell & Patterson, San Antonio, TX, for defendants.

### MEMORANDUM AND ORDER

HORN, United States Magistrate Judge.

**THIS MATTER** is before the Court on the following motions and memoranda:

1. The Plaintiff's "Motion to Remand ..." (document # 8) and "Brief in Support ..." (document # 9), both filed March 18, 2003;

2. The "Defendant's Response in Opposition to ... Motion to Remand" (document # 10), and "Affidavit ..."(document # 11), both filed March 31, 2003;

3. The Defendant's "Notice ... Regarding Recent Caselaw ..." (document # 12) filed April 4, 2003;

4. The Plaintiff's "Reply ..." (document # 13) filed April 17, 2003;

5. The Defendant "Response to Plaintiff's Reply ..." (document # 14)[1] filed April 21, 2003; and

6. The Plaintiff's "Motion to Strike Defendant's Response to Plaintiff's Reply ..." (document # 15) and "Sur [Sur] Reply ..." (document # 16), both filed May 1, 2003.

Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned will *deny* the Plaintiff's Motion to Remand, as discussed below.

---

1. The Defendant did not seek leave to file what is, in effect, a Sur–Reply. Nevertheless, because this brief responds to the Plaintiff's Stipulation, attached to his Reply and discussed below, that his damages do not exceed $75,000, the undersigned has considered it,

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This is an action seeking damages pursuant to a state law claim for breach of contract and eleven other state common law claims arising from the Defendant's alleged breach of an oral "permanent employment contract" with the Plaintiff.

Relevant to the instant Motion to Remand, the Plaintiff, Reubin Vernon Keith, is a citizen and resident of Mecklenburg County, North Carolina. Defendant Clarke American Checks, Inc., is a Delaware corporation with its principal place of business in Texas. The Defendant's North Carolina operation is confined to a single office in Charlotte.

Taking the allegations of the Complaint as true, the Plaintiff was first employed by the Defendant on April 5, 1999, was promoted to Quality Assurance Manager in its Charlotte office on November 9, 1999, and was terminated on September 12, 2000. The Plaintiff alleges that when he was promoted, he and the Defendant entered into an oral "permanent employment contract."

On January 10, 2003, the Plaintiff filed the subject Complaint in the Superior Court of Mecklenburg County, North Carolina, alleging that, for each of twelve claims, his damages are "in excess of $10,000.00" for back pay and other "actual damages," as well as "special and punitive damages." The Plaintiff also seeks equitable relief, that is, an order compelling the Defendant to re-hire the Plaintiff to his former position as Quality Assurance Manager in its Charlotte office.

---

and has also considered the Plaintiff's Sur–Sur–Reply, and accordingly, the Plaintiff's "Motion to Strike Defendant's Response to Plaintiff's Reply ..." (document # 15) is *denied*.

On February 18, 2003, the Defendants filed a "Notice of Removal" pursuant to 28 U.S.C. § 1332, alleging federal diversity subject matter jurisdiction.

On March 18, 2003, the Plaintiff filed his "Motion to Remand," arguing that both parties are citizens of North Carolina and, moreover, that he never has sought more than $75,000 in damages, that is, that there is no basis for federal subject matter jurisdiction, and that removal, therefore, was improper.

In its briefs and "Affidavit," the Defendant states that the Plaintiff's annual salary as Quality Assurance Manager was $41,000, and that, consequently, when he filed the subject Complaint, his claim for back pay alone exceeded $75,000. Moreover the Defendant states that it has only one Quality Assurance Manager position in its Charlotte office; that the position is presently filled; and that re-hiring the Plaintiff would cost the Defendant in excess of $75,000, either to create a second Quality Assurance Manager position or to offer a "substantial severance package" to the employee holding the existing position.

In his Reply, the Plaintiff does not dispute the Defendant's calculations of his potential damages, but attaches a signed, notarized "Stipulation" that if this matter is remanded to state court, "[he] will not seek more than $75,000 in damages for the foregoing state causes of action against the Defendant." Attachment to Document # 13.

This motion has been fully briefed and is ripe for disposition.

## II. *DISCUSSION*

At the outset, the undersigned notes that the Plaintiff's Motion to Remand is timely. *See* 28 U.S.C. § 1447(c) (motion to remand must be filed within 30 days of filing of notice of removal and the court shall order remand if removal was improper).

28 U.S.C. § 1441(a) provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The existence of subject matter jurisdiction is a threshold issue, and absent a proper basis for subject matter jurisdiction, a removed case must be remanded to state court. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 96, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). *Accord Jones v. American Postal Workers Union*, 192 F.3d 417, 422 (4th Cir.1999); *and Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir.1999). The party seeking federal jurisdiction, in this case, the Defendant, has the burden of proving that subject matter jurisdiction exists. *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir.1991).

A case falls within a federal district court's diversity jurisdiction only if diversity of citizenship among the parties is complete—that is, only if no plaintiff and defendant are citizens of the same State— *and* the amount in controversy exceeds $75,000.00. *See, e.g.,* 28 U.S.C. § 1332 (2000); *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 388, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998); *Carden v. Arkoma Associates*, 494 U.S. 185, 187, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990); *and Strawbridge v. Curtiss*, 7 U.S. 267, 3 Cranch 267, 2 L.Ed. 435 (1806). The requirements are so absolute that "[n]o party need assert [a lack of complete diversity or the requisite amount in controversy]. No party can waive the defect, or consent to jurisdiction.

No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." *Wisconsin*, 524 U.S. at 389, 118 S.Ct. 2047 (internal citations omitted). *Accord Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982).

■ It is well-settled that the existence of subject matter jurisdiction is evaluated as of the time the Complaint is filed and "[o]nce jurisdiction exists, subsequent events ... do not destroy the jurisdictional basis to dispose of [a plaintiff's claims] on the merits." *Griffin v. Red Run Lodge, Inc.*, 610 F.2d 1198, 1204–05 (4th Cir.1979), *citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290–93, 58 S.Ct. 586, 82 L.Ed. 845 (1938) (holding that plaintiff could not avoid federal jurisdiction by decreasing amount in controversy in amended complaint filed post-removal).[2]

■ Moreover, when evaluating whether more than $75,000 was in controversy at the time the Complaint was filed, the district court should consider not only the monetary damages that a plaintiff seeks, but also the cost to the defendant of complying with any prospective equitable relief. *Accord Griffin*, 610 F.2d at 1204–05 (considering cost to defendant of complying with an order for specific performance in determining that amount in controversy was satisfied).

At the outset, the citizenship of the parties is clearly diverse, that is—the Plaintiff is a citizen of North Carolina, and the Defendant is a citizen of both Delaware and Texas. *See* 28 U.S.C. § 1332(c)(1) (2000) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"); *Athena Automotive, Inc. v. DiGregorio*, 166 F.3d 288, 290 (1999) (a corporation has its principal place of business at the "nerve center" and/or "place of" its operations); *and Peterson v. Cooley*, 142 F.3d 181, 184 (4th Cir.1998).[3]

■ Similarly, and notwithstanding the Plaintiff's belated, conditional "Stipulation" that he will not seek more than $75,000 in damages if this matter is remanded, it is evident that when the Complaint was filed in January, 2003, considerably more than $75,000 was in controversy. The Plaintiff's claim, at that time, for more than two years of back pay at a $41,000 annual salary, clearly exceeded the statutory requirement. Moreover, the Defendant avers, and the Plaintiff does not dispute, that it would incur more than $75,000 in costs if the Plaintiff's claim for equitable relief is successful and the Defendant is compelled to re-hire him, either in a newly created position or after first giving a severance package to the employee who presently holds the disputed position.

2. Although there is no Fourth Circuit authority on point, as the Defendant points out in its briefs, at least one circuit has permitted plaintiffs to avoid federal diversity jurisdiction by stipulating, *prior to removal*, to an amount of damages no greater than $75,000. *Accord Workman v. United Parcel Serv. Inc.*, 234 F.3d 998, 1000 (7th Cir.2000) (holding that plaintiff may avoid removal by stipulating he is not seeking recovery in excess of the jurisdictional requisite); *and Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428–30 (7th Cir.1997).

3. The undersigned notes that in his Brief in Support, the Plaintiff merely assumed that the parties' citizenship was not diverse, and in his Reply and Sur–Sur–Reply, rather than address the parties' citizenship for diversity purposes and the statutory and case authority discussed above, the Plaintiff instead recounted the law governing the exercise of *personal* jurisdiction over an out-of-state defendant. *See* Document # 13 at 2–7; *and* Document # 16 at 2–4.

In short, where the parties are citizens of different states and there was more than $75,000 at issue at the time the Complaint was filed, grounds for diversity jurisdiction exists, removal was proper, and the Plaintiff's Motion to Remand will be *denied.*

### III. *ORDER*

**NOW, THEREFORE, IT IS OR-DERED:**

1. The Plaintiff's "Motion to Remand" (document # 8) and "Motion to Strike Defendant's Response to Plaintiff's Reply ..." (document # 15) are **DENIED.**

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.