**JOHN S. CLARK COMPANY, INC., Plaintiff,**

v.

**TRAVELERS INDEMNITY COMPANY OF ILLINOIS; Ignacio Herrera, individually and d/b/a Herrera Masonry; Marina Herrera, individually and d/b/a Herrera Masonry; and Herrera Masonry, Inc., Defendants.**

No. CIV. 1:04CV00179.

United States District Court,
M.D. North Carolina.

Aug. 16, 2004.

Steven Douglas Hedges, Gregory Todd Higgins, Benjamin Rushing Edwards, Nexsen Pruet Adams Kleemeier, PLLC, Greensboro, NC, for Plaintiff.

Richard T. Rice, Garth A. Gersten, Womble Carlyle Sandridge & Rice, Ann Cox Rowe, James Greer Welsh, Jr., Davis & Hamrick, L.L.P., Winston–Salem, NC, for Defendants.

## MEMORANDUM OPINION

BULLOCK, District Judge.

Before the court are two motions to remand this civil action to the General Court of Justice, Superior Court Division, Guilford County, North Carolina, separately filed by John S. Clark Company, Inc. ("Plaintiff"), and by Ignacio Herrera, Marina Herrera, and Herrera Masonry, Inc. (collectively "the Herrera Defendants"). Plaintiff's motion to remand includes Plaintiff's request for an award of costs and attorney fees upon remand pursuant to 28 U.S.C. § 1447(c). Also before the court is Travelers Indemnity Company of Illinois' ("Travelers") motion to dismiss the Herrera Defendants pursuant to Federal Rules of Civil Procedure 19 and 21. For the following reasons, Plaintiff's motion to remand will be granted, the Herrera Defendants' motion to remand will be granted, and Plaintiff's request for an award of costs and attorney fees upon remand will be granted. As a result, Travelers' motion to dismiss the Herrera Defendants will be denied as moot.

### FACTS

Plaintiff is a building contractor incorporated under the laws of a state other than North Carolina and registered to do business in North Carolina. Plaintiff maintains an office in Guilford County, North Carolina, and qualifies as a citizen of North Carolina for jurisdictional purposes. Ignacio Herrera and Marina Herrera are individuals whose domiciles and primary residences are located in North Carolina. Herrera Masonry, Inc., is a North Carolina corporation with its principal place of

business in Forsyth County, North Carolina. Travelers is an insurance company incorporated under the laws of a state other than North Carolina with its principal place of business in Hartford, Connecticut.

This civil action arises from several construction problems that Plaintiff encountered during the construction of a Parish Life Center and other associated renovations of the Saint Therese Catholic Church in Mooresville, North Carolina ("the construction project"). Before Plaintiff began the construction project, Plaintiff obtained multiple layers of insurance to cover the construction project itself and Plaintiff's liabilities while working on the construction project, including a series of commercial general liability insurance policies that Travelers issued to Plaintiff with effective dates of January 1, 2000, through May 1, 2002 (collectively "the CGL Policies"). According to Plaintiff's complaint, the CGL Policies provided Plaintiff with coverage for property damage arising from work performed by subcontractors on Plaintiff's behalf as well as coverage for costs that Plaintiff might incur to repair or replace defective work during the construction project. (Compl. ¶¶ 22–23, 27–31.)

On August 11, 2000, Plaintiff hired the Herrera Defendants as masonry subcontractors to perform work on the construction project pursuant to the terms and conditions of a written agreement between Plaintiff and the Herrera Defendants ("the Herrera Contract"). The Herrera Contract allegedly contained an agreement between Plaintiff and the Herrera Defendants in which the Herrera Defendants assumed responsibility "for assuring that [their] workmanship and material [were] in compliance with all local, state and/or federal codes." (Id. at ¶ 9.) According to Plaintiff's complaint, the Herrera Contract also contained the Herrera Defendants'

warranty "against all deficiencies and defects in materials and/or workmanship" as well as the Herrera Defendants' promise to indemnify Plaintiff "from and against all claims, damages, loss and expenses ... arising out of or resulting from the performance of [their] work." (Id. at ¶¶ 11–12.)

On January 19, 2001, a portion of the construction project collapsed for a number of alleged reasons, including errors, omissions, and deficiencies in the Herrera Defendants' masonry. (Id. at ¶¶ 15–16.) Following the collapse on January 19, 2001, Plaintiff repaired and rebuilt the collapsed portion of the construction project. Plaintiff also corrected and repaired other portions of the construction project in which Plaintiff discovered structural defects "of a similar character to [the defects] contained in [the] walls which disintegrated on January 19, 2001." (Id. at ¶ 17.) According to Plaintiff's complaint, "[a]ll of the damages, errors, omissions and deficiencies, including, but not limited to those associated with the January 19, 2001 incident, have been rebuilt, repaired, corrected, or otherwise remedied." (Id. at ¶ 18.)

On January 19, 2004, Plaintiff filed this civil action in the General Court of Justice, Superior Court Division, Guilford County, North Carolina, demanding payment and indemnity from both Travelers and the Herrera Defendants for "losses and damages, including, but not limited to, property damage, loss of use, delay and acceleration damages, other charges assessed by the Owner and other actual, consequential, and special damages." (Id. at ¶ 20.) Plaintiff's complaint stated two claims against the Herrera Defendants for breach of contract and negligence based on the Herrera Defendants' alleged improper installation of rebar in certain sections of masonry, failure to install rebar in certain

sections of masonry, failure to install grout in certain sections of masonry, and faulty workmanship, which Plaintiff apparently discovered throughout the construction project. (*Id.* at ¶ 14.) Plaintiff's complaint also stated three separate claims against Travelers for breach of contract, bad faith, and unfair and deceptive trade practices, in violation of North Carolina General Statute § 75–1.1 *et seq.*, based on Travelers' alleged failure to investigate and pay Plaintiff's claims for costs that Plaintiff incurred to repair and rebuild the collapsed portion of the construction project and costs that Plaintiff incurred to repair portions of the construction project which contained structural defects but did not collapse.

On February 26, 2004, Travelers responded to Plaintiff's complaint by filing a notice of removal to this court pursuant to 28 U.S.C. §§ 1441 and 1446, which cited 28 U.S.C. § 1332 as the only basis for federal jurisdiction of the subject matter of this civil action. On March 22, 2004, the Herrera Defendants filed an answer to Plaintiff's complaint and a motion to remand this civil action to the General Court of Justice, Superior Court Division, Guilford County, North Carolina, for lack of subject matter jurisdiction. In their answer to Plaintiff's complaint, the Herrera Defendants denied the material allegations contained in Plaintiff's complaint and asserted several affirmative defenses to the allegations contained in Plaintiff's complaint, including the affirmative defense of contributory negligence. In support of their motion to remand, the Herrera Defendants contend that the court lacks jurisdiction of the subject matter of this civil action because "Plaintiff and the Herrera Defendants are all citizens of the State of North Carolina, [and] there is not complete diversity between the parties." (Herrera Defs.' Br. Supp. Mot. Remand at 3.)

On March 29, 2004, Plaintiff filed its own motion to remand this civil action to the General Court of Justice, Superior Court Division, Guilford County, North Carolina, pursuant to 28 U.S.C. § 1447(c). In support of its motion to remand, Plaintiff contends that the court lacks jurisdiction of the subject matter of this civil action because there is not complete diversity between Plaintiff and the Herrera Defendants. (*See* Pl.'s Br. Supp. Mot. Remand at 4.) Plaintiff also contends that remand is appropriate because Travelers' notice of removal is "defective on its face" as a result of the Herrera Defendants' failure to join in or otherwise consent to Travelers' removal of this civil action. (*Id.* at 10.)

On April 5, 2004, Travelers filed an answer to Plaintiff's complaint and a motion to dismiss the Herrera Defendants. In its answer to Plaintiff's complaint, Travelers denied the material allegations contained in Plaintiff's complaint and asserted several affirmative defenses to the allegations contained in Plaintiff's complaint. In support of its motion to dismiss and in opposition to Plaintiff's and the Herrera Defendants' motions to remand, Travelers contends that the court should disregard the Herrera Defendants for jurisdictional purposes and dismiss the Herrera Defendants because the Herrera Defendants do not qualify as necessary parties or proper parties to the controversy between Plaintiff and Travelers. (*See* Travelers' Corrected Br. Opp'n Mot. Remand at 1; *see also* Travelers' Mot. Dismiss at 1.) According to Travelers, the court should retain jurisdiction of Plaintiff's claims against Travelers and Plaintiff should pursue its separate claims against the Herrera Defendants in North Carolina state court. (*See id.*)

## DISCUSSION

"Section 1441(a) of Title 28 permits a defendant to remove from state to federal

court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *Triad Motorsports, LLC v. Pharbco Marketing Group, Inc.,* 104 F.Supp.2d 590, 593 (M.D.N.C.2000) (quoting 28 U.S.C. § 1441(a)). Federal courts have original jurisdiction of cases where the matter in controversy exceeds $75,000 and is between "'Citizens of different States' by virtue of 28 U.S.C. § 1332(a)(1) and U.S. Const., Art. III, § 2." *Roche v. Lincoln Prop. Co.,* 373 F.3d 610, 613 (4th Cir.2004) (citing *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 460, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980)). "Courts have consistently interpreted § 1332 and its predecessors to require complete diversity such that the state of citizenship of each plaintiff must be different from that of each defendant." *Athena Auto., Inc. v. DiGregorio,* 166 F.3d 288, 290 (4th Cir.1999) (citing *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978); *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806), *overruled on other grounds, Louisville, Cincinnati, and Charleston R. Co. v. Letson,* 43 U.S. (2 How.) 497, 11 L.Ed. 353 (1844); and *United Capitol Ins. Co. v. Kapiloff,* 155 F.3d 488, 492 (4th Cir.1998)). Section 1441(b) of Title 28 further proscribes removal of civil actions unless "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).[1]

■ 28 U.S.C. § 1446 sets forth the procedure for removal, which a single defendant or multiple defendants must follow in order to properly remove a civil action filed in state court to federal court. Section 1446(a) of Title 28 provides that "[a] defendant or defendants desiring to remove any civil action ... from a State court shall file in [federal] district court ... a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Courts have uniformly ruled that the phrase "a defendant or defendants" in Section 1446(a) of Title 28 requires that all defendants join in or otherwise consent to a notice of removal filed under Section 1441(a) of Title 28. *See Freeman v. Bechtel,* 936 F.Supp. 320, 324–25 (M.D.N.C.1996) (citing *Gableman v. Peoria, Decatur & Evansville Ry. Co.,* 179 U.S. 335, 21 S.Ct. 171, 45 L.Ed. 220 (1900); *Perpetual Bldg. & Loan Ass'n v. Series Directors of Equitable Bldg. & Loan Ass'n, Series No. 52,* 217 F.2d 1 (4th Cir. 1954), *cert. denied,* 349 U.S. 911, 75 S.Ct. 599, 99 L.Ed. 1246 (1955); *Folts v. City of Richmond,* 480 F.Supp. 621, 624–25 (E.D.Va.1979); and *Adams v. Aero Servs. Int'l, Inc.,* 657 F.Supp. 519, 521 (E.D.Va. 1987)). "[T]he failure of all defendants to join in or otherwise consent to a notice of removal constitutes a defect other than lack of subject matter jurisdiction, which is waived unless it is raised in a motion to remand within thirty days after the filing of the notice of removal under section 1446(a)." *Miller ex rel. Estate of Dimas v. Morocho Brother's Constr., Inc.,* No. 1:03CV00924, 2004 WL 727040, at *4 (M.D.N.C. Mar. 31, 2004) (citing 28 U.S.C. § 1447(c)).[2]

---

1. For purposes of 28 U.S.C. §§ 1332 and 1441, a corporation is deemed a citizen of its state of incorporation and a citizen of the state where it maintains its principal place of business. *See* 28 U.S.C. § 1332(c).

2. "This 'rule of unanimity,' as it is referred to, does not require all of the defendants to sign the notice of removal; however, it does require that each defendant officially and unambiguously consent to the notice of removal." *Parker v. Johnny Tart Enters., Inc.,* 104 F.Supp.2d 581, 583–84 (M.D.N.C.1999) (cit-

"Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir.1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)). "The existence of subject matter jurisdiction is a threshold issue, and absent a proper basis for subject matter jurisdiction, a removed case must be remanded to state court." *Keith v. Clarke Am. Checks, Inc.*, 261 F.Supp.2d 419, 421 (W.D.N.C.2003) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 96, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998); *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir.1999); and *Evans v. B.F. Perkins Co., a Div. of Standex Int'l. Corp.*, 166 F.3d 642, 647 (4th Cir.1999)). On a motion to remand, the burden of establishing federal subject matter jurisdiction rests on the party or parties seeking to preserve removal. *Morales v. Showell Farms, Inc.*, 910 F.Supp. 244, 246 (M.D.N.C.1995) (citing *Mulcahey*, 29 F.3d at 151). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey*, 29 F.3d at 151 (citing *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir.1993); and *Cheshire v. Coca–Cola Bottling Affiliated, Inc.*, 758 F.Supp. 1098, 1102 (D.S.C.1990)).

In the instant case, Travelers does not dispute that a lack of complete diversity exists between Plaintiff and the Herrera Defendants because Plaintiff and the Herrera Defendants qualify as citizens of North Carolina for jurisdictional purposes. *See* 28 U.S.C. § 1332(c). Instead, Travelers contends that the court should dismiss the Herrera Defendants and disregard the Herrera Defendants' citizenship for jurisdictional purposes because they are nei-

ther necessary nor indispensable parties under Federal Rule of Civil Procedure 19 and because they are not proper parties who may be joined under Federal Rule of Civil Procedure 20. (*See* Travelers' Corrected Br. Opp'n Mot. Remand at 1.) According to Travelers, Federal Rule of Civil Procedure 21 permits the court to drop any party from a civil action because of misjoinder, and the court has discretion to drop nondiverse parties in order to maintain or achieve diversity jurisdiction as long as they do not qualify as indispensable parties under Federal Rule of Civil Procedure 19. (*See id.* at 5–6.)

The doctrine of fraudulent joinder is a judicially created exception to the statutory requirement of complete diversity under Section 1332 of Title 28 and "permits removal when a non-diverse party is (or has been) a defendant in the case." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir.1999) (citing *Poulos v. Naas Foods, Inc.*, 959 F.2d 69 (7th Cir.1992); and *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998)). The fraudulent joinder doctrine permits a district court to assume jurisdiction of a case, even if there is a lack of complete diversity between the parties, in order to dismiss nondiverse defendants and thereby retain diversity jurisdiction of the case. *R.J. Reynolds Tobacco Co. v. Johns Manville Int'l, Inc.*, No. Civ. 1:00CV00673, 2001 WL 823604, at *2 (M.D.N.C. July 3, 2001) (citing *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677–78 (5th Cir.1999)). To establish fraudulent joinder in the Fourth Circuit, "the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is *no possibility* that the plaintiff [can] establish a cause of action against the in-state defendant in state court.' " *Hartley v.*

ing *Mason v. Int'l Bus. Machs., Inc.*, 543 F.Supp. 444, 446 (M.D.N.C.1982); and *Mar-*

tin *Oil Co. v. Philadelphia Life Ins. Co.*, 827 F.Supp. 1236, 1237 (N.D.W.Va.1993)).

*CSX Transp., Inc.,* 187 F.3d 422, 424 (4th Cir.1999) (quoting *Marshall v. Manville Sales Corp.,* 6 F.3d 229, 232 (4th Cir.1993) (emphasis in original)). "In order to determine whether an attempted joinder is fraudulent, the court is not bound by the allegations of the pleadings, but may instead 'consider the entire record, and determine the basis of joinder by any means available.'" *AIDS Counseling and Testing Ctrs. v. Group W Television, Inc.,* 903 F.2d 1000, 1004 (4th Cir.1990) (quoting *Dodd v. Fawcett Publ'ns, Inc.,* 329 F.2d 82, 85 (10th Cir.1964)). There is nothing in the record to establish that the Herrera Defendants were fraudulently joined in this action.

■ Procedural misjoinder of parties is a relatively new concept that has emerged from the Eleventh Circuit and appears to be part of the doctrine of fraudulent joinder at least in that circuit. *See Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1359–60 (11th Cir.1996) (concluding that misjoinder may be just as fraudulent as joinder of a resident defendant against whom a plaintiff has no cause of action if the plaintiff's attempted joinder of the resident defendant pursuant to Federal Rule of Civil Procedure 20 is so egregious that it amounts to fraudulent joinder), *abrogated on other grounds by Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir.), *cert. denied,* 531 U.S. 957, 121 S.Ct. 381, 148 L.Ed.2d 294 (2000); *see also* 14B Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, *Federal Practice and Proce-*

*dure* § 3723, at 656–58 (3d ed.1998). While the Fourth Circuit has not recognized procedural misjoinder as a form of fraudulent joinder, other courts have determined that procedural misjoinder may rise to the level of fraudulent joinder in certain cases. *See Updike v. West,* 172 F.2d 663, 665 (10th Cir.), *cert. denied,* 337 U.S. 908, 69 S.Ct. 1050, 93 L.Ed. 1720 (1949); *see also Burns v. W.S. Life Ins. Co.,* 298 F.Supp.2d 401, 402–03 (S.D.W.Va. 2004); *Smith v. Nationwide Mut. Ins. Co.,* 286 F.Supp.2d 777, 780–81 (S.D.Miss.2003); and *Turpeau v. Fid. Fin. Servs., Inc.,* 936 F.Supp. 975, 977–78 (N.D.Ga.1996), *aff'd,* 112 F.3d 1173 (11th Cir.1997). Even assuming that the Fourth Circuit would recognize procedural misjoinder as a form of fraudulent joinder, the record shows that Plaintiff has properly joined the Herrera Defendants in this civil action according to the conditions for permissive joinder set forth in Federal Rule of Civil Procedure 20(a).

■ Federal Rule of Civil Procedure 20(a) permits joinder of multiple defendants in a single action when "there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a).[3] Federal Rule of Civil Procedure 20(a) thus allows a plaintiff to "join multiple defen-

---

**3.** North Carolina Rule of Civil Procedure 20 allows joinder of multiple defendants in a single action when "there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all parties will arise in the action." N.C. Gen.Stat. § 1A–1, Rule 20(a). "With the minor exception of the absence of certain provisions relat-

ing to admiralty jurisdiction of the federal courts, [North Carolina Rule of Civil Procedure] 20 is a close counterpart of [Federal Rule of Civil Procedure] 20." *Woods v. Smith,* 297 N.C. 363, 367, 255 S.E.2d 174, 177 (1979). *See also* N.C. Gen.Stat. § 1A–1, Rule 20 cmt. ("This is an exact counterpart of federal Rule 20, and was proposed because . . . the federal approach to permissive joinder is a much more serviceable one than was the [former] code approach.").

dants in a single action only if [the] plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all." 7 Charles A. Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure* § 1655, at 420–21 (3d ed.2001). Once a plaintiff has satisfied the requirements for permissive joinder under Federal Rule of Civil Procedure 20(a), Federal Rule of Civil Procedure 18 permits the "plaintiff to join as many other claims as [the] plaintiff has against the multiple defendants or any combination of them, even though the additional claims do not involve common questions of law or fact and arise from unrelated transactions." *Id.* at 421.[4]

▮ Federal Rule of Civil Procedure 21 provides a mechanism to correct misjoinder or non-joinder of parties and states that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed.R.Civ.P. 21.[5] "Dismissal of a misjoined party under Rule 21 is without prejudice; a claim by or against such a party may be refiled as a separate suit." 4

*Moore's Federal Practice* § 21.03 (Matthew Bender 3d ed.2003). Although Federal Rule of Civil Procedure 21 does not contain a clear definition of misjoinder, federal courts have uniformly held that misjoinder occurs when a single party or multiple parties fail to satisfy the conditions for permissive joinder set forth in Federal Rule of Civil Procedure 20(a). *See Hanna v. Gravett,* 262 F.Supp.2d 643, 647 (E.D.Va.2003) (citing *Olan Mills, Inc. of Tennessee v. Enter. Publ'g Co.,* 210 F.2d 895, 896 (5th Cir.1954); *Epstein v. Kemper Ins. Cos.,* 210 F.Supp.2d 308, 320 (S.D.N.Y. 2002); and *Carbon Fuel Co. v. USX Corp.,* 867 F.Supp. 414 (S.D.W.Va.1994)); *see also* Wright, Miller, and Kane, *supra* § 1683, at 475. Federal Rule of Civil Procedure 21 thus "applies when the claims asserted by or against the joined parties do not arise out of the same transaction or occurrence *or* do not present some common question of law or fact." Wright, Miller, and Kane, *supra* (emphasis added).

▮ In construing the Federal Rules of Civil Procedure, " 'the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.' " *King*

---

**4.** Federal Rule of Civil Procedure 18 permits joinder of claims as follows: "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim may join, either as independent or as alternative claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Fed.R.Civ.P. 18(a). North Carolina Rule of Civil Procedure 18 is virtually identical to Federal Rule of Civil Procedure 18, except that North Carolina Rule of Civil Procedure 18 does not contain any provision for joinder of maritime claims. *See* N.C. Gen.Stat. § 1A–1, Rule 18.

**5.** North Carolina Rule of Civil Procedure 21 provides as follows:

Neither misjoinder of parties nor misjoinder of parties and claims is ground for

dismissal of an action; but on such terms as are just parties may be dropped or added by order of the court on motion of any party or on its own initiative at any stage of the action. Any claim against a party may be severed and proceeded with separately. N.C. Gen.Stat. § 1A–1, Rule 21. "This is an exact counterpart to federal Rule 21, with the addition of the phrase 'nor misjoinder of parties and claims' appearing in the first sentence." *Id.* cmt. "The phrase referring to misjoinder of parties and causes ... is inserted because of the developed North Carolina case law rule for dismissal rather than severance where there is 'misjoinder of both parties and causes.' " *Id.* (citing Brandis, *Permissive Joinder of Parties and Causes in North Carolina,* 25 N.C.L.Rev. 1, 49–53 (1946)).

*v. Ralston Purina Co.,* 97 F.R.D. 477, 479–80 (W.D.N.C.1983) (quoting *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). Federal Rule of Civil Procedure 20(a)'s requirement that claims asserted against joined parties arise out of the same transaction or occurrence " 'permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding.' " *Saval v. BL Ltd.,* 710 F.2d 1027, 1031 (4th Cir.1983) (quoting *Mosley v. General Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir.1974)). *See also Moore v. N.Y. Cotton Exch.,* 270 U.S. 593, 610, 46 S.Ct. 367, 70 L.Ed. 750 (1926) (" 'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship."). An absolute identity of all events is not necessary for permissive joinder and courts must construe Federal Rule of Civil Procedure 20(a) "in light of its purpose, which is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Advamtel, LLC v. AT & T Corp.,* 105 F.Supp.2d 507, 514 (E.D.Va.2000) (citing *Saval,* 710 F.2d at 1031). *See also Rumbaugh v. Winifrede R.R. Co.,* 331 F.2d 530, 537 (4th Cir.1964) (stating that Rule 20(a) serves "the salutary principles of avoiding a multiplicity of suits and expediting the final determination of litigation").

Whether claims against joined parties arise out of the same transaction or occurrence, or the same series of transactions or occurrences, is ordinarily determined on a case-by-case basis. *See Saval,* 710 F.2d at 1031 (citing *Mosley,* 497 F.2d at 1333). Plaintiff's claims against the Herrera Defendants for breach of contract and negligence as well as Plaintiff's claim against Travelers for breach of contract arise out of problems with the construction project allegedly caused by the Herrera Defendants' improper or defective work on the construction project, and Plaintiff has demanded payment and indemnity from both Travelers and the Herrera Defendants for costs that Plaintiff allegedly incurred because of the Herrera Defendants' improper or defective work on the construction project. Although Plaintiff has stated separate claims against Travelers based on Travelers' alleged breach of the terms and conditions of coverage listed in the CGL Policies and Travelers' alleged failure to investigate and pay Plaintiff's claims under the CGL Policies, Plaintiff's claim against Travelers for breach of contract appears to be logically related to Plaintiff's claims against the Herrera Defendants because Plaintiff seeks coverage under the CGL Policies for the losses that Plaintiff allegedly incurred because of the Herrera Defendants' improper or defective work on the construction project. Therefore, the court finds that Plaintiff's claim against Travelers for breach of contract and Plaintiff's claims against the Herrera Defendants arise out of the same series of transactions or occurrences for purposes of Federal Rule of Civil Procedure 20(a).

The second requirement for permissive joinder under Federal Rule of Civil Procedure 20(a) is that separate claims asserted by or against the joined parties must raise at least one question of law or fact common to all the parties. *See* Fed.R.Civ.P. 20(a); *see also* Wright, Miller, and Kane, *supra* § 1653, at 413 ("Rule 20(a) does not require that every question of law or fact in the action be common among the parties; rather, the rule permits party joinder whenever there will be at least one common question of law or fact."). To support its claims against the Herrera Defendants, Plaintiff must prove that the Herrera Defendants performed improper or defective work on the construction project and that

Plaintiff actually incurred a loss or damages as a result of the Herrera Defendants' alleged improper or defective work on the construction project. *See Harrington v. Perry,* 103 N.C.App. 376, 379, 406 S.E.2d 1, 2 (1991) ("In an action for breach of contract, plaintiff must prove that a contract existed, the specific provisions breached, the facts constituting the breach and the amount of damages resulting to plaintiff from such breach.") (citing *Cantrell v. Woodhill Enters., Inc.,* 273 N.C. 490, 497, 160 S.E.2d 476, 481 (1968)); *see also Cowan v. Laughridge Const. Co.,* 57 N.C.App. 321, 324–25, 291 S.E.2d 287, 289 (1982) ("In order to establish a *prima facie* case of negligence, plaintiff must offer evidence that defendant owed him a duty of care, that defendant breached that duty, and that defendant's breach was the actual and proximate cause of plaintiff's injury.") (citing *Burr v. Everhart,* 246 N.C. 327, 98 S.E.2d 327 (1957)). Plaintiff also must prove these same facts related to causation and damages to support its claim against Travelers for breach of contract because Travelers has denied material allegations related to causation and damages contained in Plaintiff's complaint, including Plaintiff's allegation that the Herrera Defendants performed "[s]ome of the damaged work and the work out of which the damage constituting [Plaintiff]'s Claims arises." (*See* Compl. ¶ 24.)

According to Plaintiff's complaint, the CGL Policies provided Plaintiff with coverage for property damage arising from work performed by subcontractors on Plaintiff's behalf and coverage for costs that Plaintiff might incur to repair or replace defective work. Although Plaintiff must support its claim against Travelers for breach of contract with proof that the CGL Policies actually contained these terms and conditions of coverage, Travelers' obligations and liabilities as well as the Herrera Defendants' obligations and liabil-

ities depend upon facts showing what caused the partial collapse of the construction project on January 19, 2001, and facts showing what caused structural defects in other portions of the construction project which did not collapse. The obligations and liabilities of all defendants also depend upon the amount of loss or damages that Plaintiff incurred as a result of the partial collapse of the construction project and the structural defects in other portions of the construction project which did not collapse. *See Gravett,* 262 F.Supp.2d at 647 (concluding that an injured motorist's negligence claim against another driver and breach of contract claim against her automobile insurer for underinsured motorist benefits shared common issues of fact and were properly joined because "[t]he legal obligations of both defendants [were] based upon a factual showing of [the other driver]'s negligence" and because "the extent of [the injured motorist]'s damages will have a bearing on the extent of each defendant's liability"); *see also Eichinger v. Fireman's Fund Ins. Co.,* 20 F.R.D. 204, 208 (D.Neb.1957)(explaining that claims by the owner of a grain elevator destroyed in an explosion and claims by the owner of destroyed grain against the contractor who constructed the elevator and against insurers of the elevator should not be severed for separate trials under Rule 20(b) because evidence in both trials would concern the character and extent of the plaintiffs' damages, as well as the cause of the plaintiffs' damages, "for, though with a notably different thrust, the cause of the damage, that is to say the collapse of the elevator, [was] at the heart of each claim, the one against the insurance companies [for coverage] and the one against [the contractor for negligence]").

Plaintiff's claim against Travelers for breach of contract and Plaintiff's claims against the Herrera Defendants share at

least one common issue of fact for purposes of Federal Rule of Civil Procedure 20(a). Therefore, the court concludes that Plaintiff has properly joined the Herrera Defendants in this civil action according to the conditions for permissive joinder set forth in Federal Rule of Civil Procedure 20(a).

■ Travelers contends that even if the Herrera Defendants do qualify as proper parties who may be joined in this civil action under Federal Rule of Civil Procedure 20(a), Federal Rule of Civil Procedure 21 permits the court to drop the Herrera Defendants in order to create complete diversity and to establish proper jurisdiction of the subject matter of this civil action. (*See* Travelers' Corrected Br. Opp'n Mot. Remand at 11.) "[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable non-diverse party to be dropped at any time .... " *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 832, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989). *See also Caperton v. Beatrice Pocahontas Coal Co.,* 585 F.2d 683, 691 (4th Cir.1978)("There is, of course, sound authority for the view that non-diverse parties whose presence is not essential under Rule 19 may be dropped to achieve diversity between the plaintiffs and the defendants .... ") (citing *Horn v. Lockhart,* 84 U.S. (17 Wall.) 570, 21 L.Ed. 657 (1873); *Jett v. Phillips and Assocs.,* 439 F.2d 987 (10th Cir.1971); *Kerr v. Compagnie De Ultramar,* 250 F.2d 860 (2d Cir.1958); and *Weaver v. Marcus,* 165 F.2d 862 (4th Cir.1948)). However, the decision of whether to drop parties from a case in order to create or maintain diversi-

ty between the remaining parties is a decision that rests within the discretion of the trial court. *See id.* at 692 (citing *Weaver,* 165 F.2d at 864).

■ Neither Plaintiff nor the Herrera Defendants contend that the Herrera Defendants qualify as necessary or indispensable parties under Federal Rule of Civil Procedure 19.[6] Therefore, the court must decide whether to drop the Herrera Defendants from the instant case in order to create complete diversity between Plaintiff and Travelers and to establish proper jurisdiction of the subject matter of this civil action. As stated above, Federal Rule of Civil Procedure 21 permits courts to drop parties or add parties "on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed.R.Civ.P. 21. In deciding whether to drop parties, add parties, or retain parties under Federal Rule of Civil Procedure 21, courts ordinarily consider basic principles such as fundamental fairness and judicial economy, whether an order under Federal Rule of Civil Procedure 21 would prejudice any party or would result in undue delay, and the threats of duplicitous litigation and inconsistent jury verdicts. *See* 4 *Moore's Federal Practice* § 21.02[4] (Matthew Bender 3d ed.2003); *see also Newman–Green,* 490 U.S. at 838, 109 S.Ct. 2218 (explaining that courts of appeal should sparingly exercise their discretion to dismiss parties under Rule 21 and "carefully consider whether the dismissal of a nondiverse party will prejudice any of the parties in the litigation"); *Ferry v. Bekum Am. Corp.,* 185 F.Supp.2d 1285,

---

**6.** "Federal Rule of Civil Procedure 19 sets forth a two-step inquiry for a district court to determine whether a party should be joined in an action. First, the district court must determine whether the party is 'necessary' to the action under Rule 19(a). If the court determines that the party is 'necessary,' it must

then determine whether the party is 'indispensable' to the action under Rule 19(b)." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Rite Aid of S.C., Inc.,* 210 F.3d 246, 249 (2000)(citing *Teamsters Local Union No. 171 v. Keal Driveaway Co.,* 173 F.3d 915, 917–18 (4th Cir.1999)).

1290 n. 9 (M.D.Fla.2002) (noting the threats of duplicitous litigation and inconsistent verdicts as potential adverse effects of dropping a nondiverse party from the case pursuant to Rule 21); and *Jonas v. Conrath,* 149 F.R.D. 520, 523–24 (S.D.W.Va.1993)(describing the trend toward encouraging joinder of claims, parties, and remedies, and denying a motion to sever in order to "serve judicial economy and [to] promote the just, speedy and inexpensive determination of [the] action").

 Based on considerations of fundamental fairness, judicial economy, prejudice, and undue delay, as well as the dual threat of duplicitous litigation and inconsistent verdicts, the court concludes that the Herrera Defendants should remain in this civil action as defendants properly joined under Federal Rule of Civil Procedure 20(a). Claims like Plaintiff's claims against Travelers and Plaintiff's claims against the Herrera Defendants are routinely adjudicated in North Carolina state courts and traditionally present substantive legal issues exclusive to North Carolina law. Although Travelers might prefer to defend against Plaintiff's claims in federal court, Plaintiff would likely incur significant costs and additional expenses by pursuing its claims against Travelers and its claims against the Herrera Defendants in separate forums because discovery and separate trials in separate forums would likely be more expensive than discovery and a single trial in one forum. Furthermore, if the court decided to drop the Herrera Defendants from this civil action, Plaintiff would have to re-file its claims against the Herrera Defendants in North Carolina state court, which would likely cause a substantial delay in the resolution of Plaintiff's claims against the Herrera Defendants.

As stated above, Plaintiff's claim against Travelers for breach of contract and Plaintiff's claims against the Herrera Defendants depend upon proof of common issues of fact related to causation and damages. If the court decided to drop the Herrera Defendants from this civil action, Plaintiff would likely present the same evidence of causation and damages in its state court action against the Herrera Defendants and in its federal court action against Travelers because Plaintiff would have to prove the same facts relevant to causation and damages in each case. In addition to the threat of duplicitous litigation posed by dropping the Herrera Defendants, separate trials could result in inconsistent verdicts even if Plaintiff presented the same evidence of causation and damages during each trial.[7]

Travelers contends that the court should drop the Herrera Defendants because "a suit by [Plaintiff] against the Herrera Defendants and Travelers, would inform a jury of insurance potentially paying a claim against the Herrera [D]efendants, [which is] a fact that prejudices Travelers' ability to obtain a fair trial." (Travelers' Corrected Br. Opp'n Mot. Remand at 13.) Assuming that Travelers might suffer prejudice by having issues of insurance coverage heard by the same jury deciding the Herrera Defendants' liability for Plaintiff's losses, the North Carolina Rules of Civil Procedure provide safeguards to counter prejudice and many other potentially harsh effects of broad joinder rules. "These include severability of the issues or bifurcation of the trial. Each is available to a party upon proper motion and subject

---

7. For example, the first jury could find that the Herrera Defendants caused the construction project's partial collapse while a second jury could reach the opposite conclusion, and both juries could disagree on the actual amount of loss or damages that Plaintiff suffered because of the Herrera Defendants' work on the construction project.

to a discretionary ruling of the [state] trial court." *Cagle v. Teachy*, 111 N.C.App. 244, 246, 431 S.E.2d 801, 803 (1993)(citing N.C. Gen.Stat. §§ 1A–1, Rules 42(b) and 49(b)).

For these reasons, the court in its discretion will decline to drop the Herrera Defendants from the case in order to create complete diversity between Plaintiff and Travelers. Because complete diversity does not exist between the parties, the court lacks jurisdiction of this case under Section 1332(a)(1) of Title 28, as a basis for removal under Section 1441(a) of Title 28, and all defendants properly joined in this civil action have failed to join in or otherwise consent to Travelers' notice of removal as required by Section 1446(a) of Title 28. Therefore, the court will grant Plaintiff's and the Herrera Defendants' motions to remand this civil action to the General Court of Justice, Superior Court Division, Guilford County, North Carolina.

Plaintiff has also requested an award of costs and attorney fees incurred as a result of these removal proceedings pursuant to 28 U.S.C. § 1447(c). Section 1447(c) of Title 28 provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Pursuant to the plain language of Section 1447(c), such an award is within the discretion of the court." *Parker v. Johnny Tart Enters., Inc.*, 104 F.Supp.2d 581, 585 (M.D.N.C.1999). An award of fees under this section may be made whether or not removal was in bad faith. *In re Lowe*, 102 F.3d 731, 733 n. 2 (4th Cir.1996). *See also Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir.2000). The court believes that under the circumstances of this case an award of costs and attorney fees to Plaintiff is appropriate. Therefore, the court will grant Plaintiff's request for costs and attorney fees.

## CONCLUSION

Plaintiff elected to file this action in North Carolina state court and properly joined Travelers and the Herrera Defendants in a single action by asserting claims against them that arise out of the same series of transactions or occurrences and raise common issues of fact. Travelers has sought to defeat Plaintiff's choice of forum by asking the court to drop the Herrera Defendants pursuant to Federal Rule of Civil Procedure 21 in order to create complete diversity between the parties so that Travelers may defend against Plaintiff's claims in federal court. An exercise of the court's discretion under Federal Rule of Civil Procedure 21 in these circumstances would be fundamentally unfair. Therefore, Plaintiff's motion to remand will be granted, the Herrera Defendants' motion to remand will be granted, and Plaintiff's request for an award of costs and attorney fees will be granted. Travelers' motion to dismiss the Herrera Defendants will be denied as moot.